IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) |
| --- | --- |
|  | ) |
|  | ) |
| vs. | ) 2:14-cr-00076-TFM |
|  | ) |
| DAVID JEROME SCOTT | ) |
|  | ) |

## MEMORANDUM OPINION

November 6, 2015

Pending before the Court is Defendant David Jerome Scott's *pro se* MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2). (ECF No. 38). The Government filed a response in opposition to the motion. (ECF No. 40). Assistant Federal Public Defender Michael J. Novara was appointed to represent Defendant in this matter and given until November 2, 2015, to file a reply brief, if warranted. (ECF No. 39). No reply brief has been filed, and the Public Defender's Office has indicated that none is forthcoming. Accordingly, the motion is ripe for disposition.

On March 25, 2014, a federal grand jury returned a one-count indictment that charged Scott with possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). (ECF No. 1). Scott pled guilty on May 21, 2014, and thereafter, the Probation Office prepared a Presentence Investigation Report ("PSI"), revealing that Scott had an adjusted offense level of 21 (after applying the 3-level reduction for acceptance of responsibility) and a criminal history category of IV. Based on that, the Probation Office suggested that Scott's guideline sentencing range was 57-71 months. The Government, however, filed objections to the PSI, arguing that Scott should have been considered a career offender under U.S.S.G. § 4B1.1. The Court agreed, after having found that Scott had "two prior felony convictions" for controlled

1

substance offenses. (ECF No. 31). Thus, Scott's offense level was increased to from 21 to 29 (after the application of the 3-level reduction for acceptance of responsibility). *See* U.S.S.G. § 4B1.1(b) ("[I]f the offense level for a career offender from the table in this subsection is greater than the offense level otherwise applicable, the offense level from the table in this subsection shall apply."). And, as mandated by U.S.S.G. § 4B1.1(b), his criminal history category was increased to VI, resulting in a guideline range of 151-188 months. On October 9, 2014, the Court sentenced Scott to a below-guideline sentence of 130 months, after granting his unopposed request for a downward variance. Scott's request for a variance was based on Amendment 782's 2-level reduction in the offense levels for drug offenses in U.S.S.G. § 2D1.1, which was set to take effect less than a month after his sentencing date. (ECF No. 32).

Scott now requests that the Court reduce his sentence pursuant to Title 18 U.S.C. § 3582(c)(2). Generally, "[t]he court may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c). There are, however, a few narrow exceptions to this rule of finality. As relevant here, the Court may reduce a sentence "in the case of a defendant who has been sentenced to a term of imprisonment **based on a sentence range** that has been lowered by the Sentencing Commission . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(2) (emphasis added). The relevant policy statement contains the following exclusion to this general rule: "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2) if . . . [the amendment] does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

2

As already noted, Amendment 782 retroactively lowered the base offense levels for drug offenses in U.S.S.G. § 2D1.1. Scott's sentencing range, however, was based on the career offender offense level set forth in § 4B1.1(b), not the base offense level in § 2D1.1. *See generally United States v. Mateo*, 560 F.3d 152, 154-55 (3d Cir. 2009). Because Amendment 782 did not affect the career offender Guidelines under which Scott was sentenced, the Court cannot grant a sentence reduction under § 3582(c)(2). To be sure, at the time of sentencing, the Court did grant a 2-level downward variance in Scott's offense level, prospectively giving him some of the benefit of the changes that Amendment 782 was set to bring into effect a month after his sentencing date. But this fact does not change the analysis. *See United States v. Sanford*, 503 F. App'x 141, 142 (3d Cir. 2012) (discussing *United States v. Ware*, 694 F.3d 527 (3d Cir. 2012)). Indeed, "the commentary to § 1B1.10 explicitly states that a defendant's 'applicable guideline range' is calculated 'before consideration of any departure provision in the Guidelines Manual or any variance.'" *Id.* (quoting U.S.S.G. § 1B1.10 cmt. 1(A)). Thus, "a defendant who received a variance from the career offender Guidelines may not receive a reduction under § 3582(c)(2)." *Id.* (citing *Ware*, 694 F.3d at 531-32).

Accordingly, because Scott was not sentenced "based on a sentence range that has been lowered by the Sentencing Commission," he is not entitled to relief under § 3582(c)(2), and his motion will be **DENIED**. An appropriate Order follows.

McVerry, S.J.